IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DRAUCKER, #00146717, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-2359-M-BN |
| ROCKWALL COUNTY COURT HOUSE, ET AL., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Draucker, an inmate at the Rockwall County jail, initially filed a *pro se* complaint against two judges in that county, a state appellate court, and officials at the jail, claiming that he is wrongfully incarcerated and requesting his immediate release plus monetary damages. *See* Dkt. No. 3. Draucker also moved for leave to proceed *in forma pauperis* (IFP) and for court-appointed counsel. *See* Dkt. Nos. 4, 5.

United States District Judge Barbara M. G. Lynn referred Draucker's civil complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Draucker leave to proceed IFP under the Prison Litigation Reform Act (the PLRA). *See* Dkt. No. 6. And, under the PLRA, the undersigned has entered findings of fact and conclusions of law recommending that the Court deny the motion to appoint counsel, dismiss this case with prejudice under 28 U.S.C. § 1915A,

and count this dismissal as a strike under 28 U.S.C. § 1915(g). *See* Dkt. No. 7.

Draucker next filed, in this action, a Petition for Injunction to Grant Plaintiffs Release from Confinement [Dkt. No. 20] (the Petition). And the undersigned has entered findings and conclusions recommending that the Court deny the Petition, construed as brought under 28 U.S.C. § 2241, without prejudice to Draucker's right to exhaust available state remedies [Dkt. No. 21] (the Habeas FCR).

Draucker now moves for a preliminary injunction and temporary restraining order (TRO) to seek his release from confinement. *See* Dkt. No. 23.

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

Draucker must therefore unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal

quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

For the reasons explained in the Habeas FCR, Draucker has not exhausted available state remedies. "[A] Section 2241 petitioner's failure to exhaust available state court remedies prevents a district court from finding that he has shown that there is a substantial likelihood that he will currently prevail on the merits of his habeas claims, and a court need not examine the remaining three requirements." *Thomas v. Brown*, No. 3:20-cv-1258-C-BN, 2020 WL 3420973, at *3 (N.D. Tex. May 19, 2020) (citation omitted), *rec. adopted*, 2020 WL 3420941 (N.D. Tex. June 22, 2020), *COA denied*, 2020 WL 8184461 (5th Cir. Sept. 28, 2020); *see also Money v. Pritzker*, 453 F. Supp. 3d 1103, 1136 (N.D. Ill. 2020) (denying motion for TRO and preliminary injunction after finding that a class of Cook County Section 2241 petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so").

The Court should therefore deny the motion for a TRO and preliminary injunction.

**Recommendation**

The Court should deny the motion for a temporary restraining order and preliminary injunction [Dkt. No. 23].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 14, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE